UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA FIELD, ET AL.,

        Plaintiffs,

v.

UNIFIED HOLDING INTERNATIONAL, ET AL.,

        Defendants.
_____/

Case No. 10-12829

District Judge Julian Abele Cook

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Nature's Energy Bank, Inc.'s and Dana Field's Motion for Default Judgment [Doc. #50], based on Fed. R. Civ. P. 37, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED IN PART AND DENIED IN PART, denying the request for a default judgment but imposing monetary sanctions.[1]

## I. BACKGROUND

This case arises out of a business venture gone bad. Plaintiff brought suit against Defendants Unified Holding International, Unified Energies International, Clay Clark, Willis Dunham, and Thomas Ruotolo (the "Unified Defendants), claiming breach of contract (Count I), tortious interference with contractual relationships (Count II), tortious interference with prospective business advantage (Count III), defamation (Count IV), fraud and misrepresentation (Count V), statutory conversion (Count VI), innocent

---

[1] In their motion, Plaintiff's request monetary sanctions as alternative relief.

misrepresentation (Count VII), and negligent misrepresentation (Count VIII).

The case was originally filed in the Wayne County Circuit Court. The Unified Defendants removed the case to this Court on July 19, 2010. At that time, the Unified Defendants were represented by the Dickinson Wright law firm. On July 21, 2011, the Unified Defendants moved to transfer venue to the District of Nevada [Doc. #7]. That motion was denied on August 31, 2011 [Doc. #27].

On September 28, 2011, Plaintiff Nature's Energy served numerous discovery requests (First Discovery Requests) on the Unified Defendants. Following an extension of time to respond, the Unified Defendants stated that they would produce certain documents upon the entry of a protective order. However, the parties were unable to agree on the terms of a protective order. Nature's Energy filed a motion to compel on January 13, 2012 [Doc. #33], and a stipulated protective order was entered on February 3, 2012 [Doc. #34]. However, on that same day, the United Defendants' counsel filed a motion to withdraw [Doc. #35]. That motion was granted, and the case was stayed for 30 days in order for Defendants to obtain new counsel [Doc. #39]. Counsel was ordered to provide the Court with the Unified Defendants' last known address, and it was ordered that if the Unified Defendants did not secure new counsel within 30 days, the case would be returned to the active docket. *Id.*

In fact, the Unified Defendants did not obtain new counsel, nor did they comply with the Plaintiffs' discovery requests. On September 5, 2012, I entered an order granting the Plaintiffs' motion to compel, which had been held in abeyance after Defendants' counsel withdrew. My order [Doc. #42] reads as follows, in its entirety:

> Before the Court is Plaintiff Nature's Energy Banc, Inc.'s Motion to Compel and for Sanctions [Doc. #30]. On march 26, 2012, the parties stipulated that the hearing on this motion would be adjourned pending the Court's ruling on Defendants' counsel's motion to withdraw. *See* Doc. #37.

On April 5, 2012, the Court granted Dickinson Wright's motion to withdraw. *See* Doc. #39. In its order, the Court stated:

> "The Court will enter a stay of this litigation for a period of thirty (30) days in order to give the Defendants an opportunity to retain another attorney who will represent their interests in this action. However, if they do not secure the services of an attorney within the above-designated period of time, the Clerk is directed to return this case to its trial docket for such proceedings as may be necessary to promote the interests of justice."

Considerably more than 30 days have elapsed since the order permitting counsel to withdraw, and Defendants have not obtained new counsel.

The Defendants' response to the present motion is based on their claimed need for a protective order before discovery is provided. However, a stipulated protective order has been entered. *See* Doc. #34. That being the case,

Plaintiffs' Motion to Compel [Doc. #30] is GRANTED. The requested discovery shall be produced within 14 days of the date of this Order, and shall be subject to the protective order entered in this case [Doc. #34].

*Plaintiffs' request for Rule 37 discovery sanctions is DENIED. However, Defendants' failure to timely comply with this Order will result in sanctions, which may include monetary sanctions and/or entry of a default judgment against Defendants.*

IT IS SO ORDERED. (Emphasis added).

Under this order, the last day for the United Defendants to produce the requested discovery was September 19, 2012. According to Plaintiffs' Exhibit 3 (Affidavit of attorney Sara K. MacWilliams), the United Defendants did not produce the requested documents, and in fact the Plaintiffs attorneys "have yet to receive a single document from the Defendants pursuant to our Discovery Requests." *MacWilliams Affidavit*, ¶ 4. Attorney MacWilliams also states, "Throughout the fourteen days after the entry of the Court's September 5, 2012 Order, Mr. Young [co-counsel] and I have not been contacted by any agent, representative, or employee of the Defendants and have not been provided with any new representative contact person to work with on this case." *Id.* ¶ 7.

Plaintiffs filed the present motion on November 12, 2012, and served each of the Unified Defendants at the address provided to the Court.[2] *See* Doc. #50, p. 11 (Certificate of Service). On December 4, 2012, the Court sent all parties a Notice of Oral Argument, setting a hearing date of January 22, 2012 [Doc. #53]. The Unified Defendants did not file a response to this Motion, nor did they appear for oral argument.[3]

## II.   STANDARD OF REVIEW

In general, Fed. R. Civ. P. 37 provides for sanctions for failure to make disclosures or cooperate in discovery. Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)(A)(vi), entry of default judgment where it is the defendant who has been disobedient. A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). However, entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)(citations omitted). *See also Grange Mut. Cas. Co. v. Mack,* 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction).

---

[2] Plaintiffs filed and served a previous motion for default judgment on September 20, 2012 [Doc. #43]. The Unified Defendants did not respond to that motion.

[3] Approximately 15 minutes before oral argument, two of the Unified Defendants called the Court requesting that they participate by telephone. Because they had neither filed a response nor made an earlier request to appear telephonically–in fact, the Defendants have had no contact whatsoever with the Court since my order of September 5, 2012–I declined that request.

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction" of default judgment, the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large. *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). However, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### III.   DISCUSSION

#### A. Willfulness or Bad Faith

Willfulness is defined as a "conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, supra*, 842 F.2d at 154. In this case, the Defendant has shown no inclination to respond to discovery requests or to comply with this Court's orders. From the outset, Defendants failed to

respond to Plaintiffs' First Discovery Requests. Initially, and while they were represented by counsel, they agreed to comply if an appropriate protective order were entered. A stipulated protective order was entered, yet Defendants did not produce the requested discovery. When their counsel withdrew, the case was stayed for 30 days to enable Defendants to obtain new counsel. This was on February 3, 2012.  Defendants did not obtain new counsel, nor did they produce the discovery material, even though their only objection to doing so had been based on their now-realized need for a protective order. More than seven months passed, until on September 5, 2012, I entered an order granting Plaintiffs' motion to compel, and directing the Defendants to provide the discovery within 14 days. Almost five months have passed, and Defendants have still not produced the discovery. Nor did they see fit to respond to either of the Plaintiffs' motions for default judgment. The Defendants' conduct cannot be characterized as anything but willful, and they have presented nothing that would satisfy their burden  "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322. The first *Harmon* factor therefore weighs heavily against the Defendants.

### B.   Prejudice to Plaintiff

Plaintiffs have been substantially prejudiced.  They filed their complaint 2 ½ years ago. Yet to date, they have received not one scrap of discovery from the Unified Defendants. Plaintiffs have therefore been denied the ability to conduct depositions or prepare for trial.

### C.   Prior Warning

In my order of September 5, 2012, I specifically warned the Unified Defendants that their "failure to timely comply with this Order will result in sanctions, which may include monetary sanctions and/or entry of a default judgment...."

### D.     Consideration of Less Drastic Sanctions

In my September 5, 2012 order, I generously declined to impose Rule 37 sanctions on the Defendants. That they have not yet been sanctioned is the only *Harmon* factor that weighs in their favor.

The Defendants' blatant disregard of their discovery obligations and of this Court's orders is deserving of sanctions, and I am sorely tempted to recommend that a default judgment be entered against them. However, I recognize that a default judgment is a "draconian" remedy, and that lesser sanctions have not yet been imposed. So, to combine metaphors, every dog gets one more bite of the apple, and I recommend that in lieu of a default judgment, the Court impose a monetary penalty under Rule 37. Nevertheless, let the Unified Defendants be warned that if I am referred another meritorious motion based on discovery violations, I will not hesitate to recommend that a default judgment be entered against them.

### IV.     CONCLUSION

For these reasons, I recommend that Defendants Nature's Energy Bank, Inc.'s and Dana Field's Motion for Default Judgment [Doc. #50] be GRANTED IN PART AND DENIED IN PART, as follows:

1. That the request for default judgment be DENIED.

2. That the Plaintiffs' alternative request for monetary sanctions under Rule 37 be GRANTED, and that the Unified Defendants be assessed sanctions in the amount of $5,000.00, jointly and severally.[4]

3. That the Unified Defendants be required to respond to Plaintiff's First

---

[4] This amount represents what I consider reasonable attorney fees and costs in filing and arguing this motion.

Discovery Requests within seven days of a final order disposing of this motion.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 23, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 30, 2013.

| | |
|---|---|
| **Jeffrey L. Bancroft**<br>**46897 Mornington**<br>**Canton, MI 48188** | **Clay Clark, President**<br>**Unified Holding International**<br>**318 N. Carlson Street, Suite 208**<br>**Carson City, NV 89701** |
| **Thomas Mizelle, President**<br>**Unified Energies International**<br>**318 N. Carlson Street, Suite 208**<br>**Carson City, NV 89701** | **Thomas A. Ruotolo**<br>**2359 Tradition Way**<br>**Redding, CA 96001** |
| **Willis C. Dunham**<br>**6020 Jamers Drive, NW**<br>**Albuquerque, NM 87120** | **Daniel T. Hayward**<br>**Laxalt & Nomura, Ltd.**<br>**9600 Gateway Drive**<br>**Reno, NV 89521** |

s/Johnetta M. Curry-Williams
Case Manager